UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 3:19CR251 (MPS) |
| : | |
| OLEG KOSHKIN and : | January 20, 2020 |
| PAVEL TSURKAN : | |
| : | |
| Defendants : | |

**MOTION OF THE UNITED STATES**
**FOR ALTERNATIVE VICTIM NOTIFICATION**

Pursuant to 18 U.S.C § 3771(d)(2), the United States requests respectfully that the Court authorize the alternative victim notification described below in order to provide notice to the large number of victims in this complex cybercrime case.

**Introduction**

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among the rights the Act affords to crime victims are the rights to "reasonable, accurate, and timely notice" of public court proceedings and "to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(2), (4). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771] (a)," *id.* at § 3771(c)(1), and it instructs a court to "ensure that the crime victim is afforded" those rights, *id.* at § 3771(b)(1). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." *Id.* at § 3771(e)(2)(A).

Importantly, the Act recognizes that for crimes involving multiple victims, a court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Therefore, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a court may fashion other than the procedures be reasonable to effectuate the Act and they not unduly complicate or prolong the proceedings. *Id.*

## Justification for Alternative Notification

### A. *A Large Number of Unknown Victims*

The indictment charges defendants Oleg Koshkin and Pavel Tsurkan with offenses arising from their operation of Crypt4U, an online "service that crypted malware in order to avoid detection by antivirus software[.]" Indictment at ¶15, Oct. 3, 2019. Count One charges the defendants with conspiracy to intentionally cause damage to protected computers, in violation of 18 U.S.C. § 371, and Count Two charges them with aiding and abetting intentional damage to protected computers, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (b), (c)(4)(B), and 2.

The defendants, as alleged in the indictment, operated Crypt4U for more than four years, between approximately September 2013 and approximately December 28, 2017. Indictment at ¶15. Their purpose in doing so "was to allow distributors and coders of malware to reduce the chances that the malware would be detected by antivirus software installed on the computers they

target." *Id*. Among their customers was Peter Levashov, who operated a malicious botnet[1] known as Kelihos. *Id*. at ¶¶ 19 & 21.

Mr. Levashov pled guilty in September 2018 to multiple charges before another District Judge of this Court. *See United States v. Peter Yuryevich Levashov*, D. Conn., No. 3:17CR83, Dkt. 111, Change of Plea Hearing Minute Entry, Sept. 12, 2018; Dkt. 112, Plea Agreement at 1–2. Those charges included intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B); conspiracy to intentionally cause damage to protected computers, access protected computers in furtherance of fraud, and threaten to damage protected computers, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. *Id*. Mr. Levashov, in his plea agreement, admitted that Kelihos "infected at least 50,000 computers" around the world. *Id*. at 16.

Defendants Koshkin and Tsurkan, as charged in the indictment here, provided crypting services to Mr. Levashov from at least May 2014 until April 7, 2017 and were paid approximately $3,000 per month for doing so. Indictment at ¶23. The indictment further alleges that as of April 7, 2017 (when Mr. Levashov was arrested), "the Kelihos botnet infected at least 50,000 computers, including computers in Connecticut." *Id*. at ¶24. The total number of victims, though unknown, is therefore tens of thousands of individuals and/or entities. Except for a few known individual victims that the Government has already identified, the Government has been unable to identify additional victims whose devices were part of the Kelihos botnet beyond the Internet Protocol ("IP") address of each device. Attempting to identify additional victims by name would not only

---

[1] A "botnet" is a network of private computers infected and damaged with malicious software and controlled as a group without the owners' knowledge to commit online crimes, e.g. to distribute spam messages or to collect personal information from the infected computer.

be cumbersome, time-consuming, and expensive, but would likely be fruitless, as most internet service providers keep IP assignment records for no more than six months to one year.

B.  *Alternative Victim Notification Provided in United States v. Levashov (3:17CR83)*

During the investigation and prosecution of Mr. Levashov, like here, the Government was unable to identify victims whose devices were part of the Kelihos botnet, except for a few known individual victims, beyond the IP address of each device. The Government thus sought to provide alternative victim notification through a website and press release. *See* 3:17CR83, Dkt. 116, Motion of the United States for Alternative Victim Notification, Nov. 5, 2018. The District Judge granted the motion and concluded that the Government showed good cause for alternative victim notification. *See* 3:17CR83, Dkt. 117, Order, Dec. 4, 2018.[2] That website is still available at https://www.justice.gov/usao-ct/multi-victim-case-notification.

Kelihos was also the subject of companion civil proceedings in the District of Alaska aimed at disrupting the botnet. *See United States v. Peter Yuryevich Levashov*, D. Alaska, Nos. 3:17CV74 and 3:18MJ324. As part of its notification obligations, the Department of Justice maintained—and continues to maintain—a website where the public can view relevant legal documents associated with the civil case. That website is available at https://www.justice.gov/opa/documents-and-resources-related-us-v-peter-yuryevich-levashov.

C.  *The Government's Proposal*

The Government submits that the steps taken to notify victims in the proceedings related to Mr. Levashov—including the criminal case in the District of Connecticut and the companion

---

2 The order reads, in full: "The government has shown good cause for alternative victim notification pursuant to 18 U.S.C. § 3771(d)(2). In this proceeding, the Department of Justice may provide reasonable, accurate, and timely notice to unknown crime victims through a case-specific webpage hosted on its website, https://www.justice.gov/largecases, and through a press release regarding the website, rather than through individual notices to the unknown crime victims. So ordered."

civil case in the District of Alaska—effectively amount to notification in the present criminal case, and there is no need to again undertake these steps.

In addition, the Government proposes to provide additional notification to victims concerning the prosecution against defendants Koshkin and Tsurkan through the Department of Justice's website for large cases, https://www.justice.gov/largecases, which will host a case-specific webpage for individuals who believe they are victims of Crypt4U. The case-specific website will also contain notices required under the Act and provide potential victims the opportunity to complete a victim impact statement to relay information about how they were victimized, thereby affording the United States an opportunity to communicate individually with victims. The United States will also issue a press release which will inform victims of how to access the Justice Department website for more information.

Courts have approved alternative victim notification by website and press release under similar circumstances. *See, e.g.*, *United States v. Babich*, 301 F. Supp. 3d 213, 217 (D. Mass. 2017) (approving alternative victim notification by website and press release where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Saltsman*, 2007 WL 4232985, at *1–2 (E.D.N.Y. Nov. 27, 2007) (approving notification by website where the government identified "some" victims and there were "at least tens of thousands of potential victims").

In addition to the numerous unknown victims of Crypt4U, the Government is aware of the identity of S.B., a Connecticut resident, who was the victim of aggravated identity theft relating to Kelihos during the time period when Mr. Levashov received crypting services from defendants Koshkin and Tsurkan, as well as several other individual victims whose computers were infected

by the Kelihos malware during the relevant time period. The Government has and will continue to provide individual notice to these persons.

For all of the foregoing reasons, the United States requests that the Court grant this motion for alternative victim notification procedure pursuant to 18 U.S.C. § 3771(d)(2).

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

             /s/
VANESSA RICHARDS
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv05095
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
Tel.: (203) 696-3000

RYAN K. DICKEY
TRIAL ATTORNEY
U.S. Department of Justice, Criminal Division
Computer Crime and Intellectual Property Section
Keeney Building, Suite 600
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel: (202) 616-1509

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
VANESSA RICHARDS
ASSISTANT U.S. ATTORNEY