**UNITED STATES DISTRICT COURT**
For the
**District of Connecticut**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *Plaintiff,* ) | |
| ) | Case No: 3:19-cr-00251 (MPS) |
| v. ) | |
| ) | |
| OLEG KOSHKIN ) | |
| *Defendant,* ) | |
| ) | MARCH 18, 2020 |

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The defendant, OLEG KOSHKIN, by and through counsel, hereby submits this memorandum of law in support of his motion for Fed. R. Evid. 404(b) disclosure.

Fed. R. Evid. 404(b) provides for introduction of other crimes, wrongs or acts of a person for various purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. The pretrial notice requirement contained in Rule 404(b) "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) Advisory Committee Notes (1991 Amendment). Upon request by the accused, the prosecution must provide reasonable notice in advance of trial of the general nature of any such evidence it intends to use at trial. Id. Under paragraph (13) of this Court's Standing Order on Discovery, pre-trial disclosure of such "bad acts" evidence is mandatory.

The Second Circuit has adopted an inclusionary or positive approach to Rule 404(b); as long as the evidence is not offered to prove propensity, it is admissible. United States v. Levy, 731 F.2d 997 (2d Cir. 1984); United States v. O'Connor, 580 F.2d 38, 40 (2d Cir.

1

1978). The government, however, must explain in detail the purposes for which the evidence is sought to be admitted. Id. When the court has determined that the evidence is admissible under Rule 404(b), it must then balance the probative value of the evidence against its prejudicial impact to determine if the evidence is excludable under Rule 403. United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978). As a final protection against unfair prejudice to the defendant, the Court, upon request, must instruct the jury that it must only use the evidence of other acts for the purposes for which it was offered and not as an indication of criminal propensity. Fed. R. Evid. 105.

Accordingly, the defendant requests that the government provide a statement on the theory of admissibility of each item of Rule 404(b) evidence it intends to introduce at trial. *See* Fed. R. Evid. 404(b) (notice of the general nature of such evidence required); *see also* United States v. Foskey, 636 F.2d 517, 526 n.8 ("the Government should supply the district court with a written analysis of the logical inferences justifying admission of the evidence. Given the complexity of these questions, and the ease of confusion between permissible and impermissible inferences, such a procedure might obviate the need for the district court, as well as the court of appeals, to speculate regarding the government's theory of the evidence's relevance to the issues listed in Rule 404(b). Moreover, the defendant requests that a pre-trial hearing concerning the admissibility of such statements be had.

Government disclosure will aid Defendant in formulating his objections, if any. Disclosure will also aid the Court in ruling on the admissibility of the evidence and will help to ensure that Defendant is not prejudiced and wrongly convicted or sentenced by evidence that has been improperly admitted. *See* Huddleston v. United States, 108 S. Ct 1496, 1501 n.6 (1988).

The Defendant,
									OLEG KOSHKIN

					BY:			         /s/
									Cheryl E. Heffernan
									Farver & Heffernan, LLC
									2858 Old Dixwell Avenue
									Hamden, CT 06518
									Tel: 203-230-2500
									Fax: 203-288-4702
									ceh@farverandheffernan.com
									Fed Bar #: ct06473

## **CERTIFICATION**

    I hereby certify that the forgoing was filed through the ECF system and will be sent to all counsel of record through the ECF system.

    AUSA Vanessa Richards
    U.S. Attorney's Office
    District of Connecticut			         /s/
									Cheryl E. Heffernan