IN THE UNITED STATES DISTRICT COURT
FOR _____

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A DELL XPS, SERVICE TAG 4T7VSC2, CURRENTLY LOCATED AT 600 STATE STREET, NEW HAVEN, CT | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Jenny Konecnik, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been so employed since 2019. I am currently assigned to the cybercrime squad of the New Haven Division. I have received training and gained experience in, among other things, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, and computer evidence identification, seizure and processing. I have personally participated in investigations related to financial fraud, cybercrimes, and cyber intrusions. In addition to my work experience, I have received specialized training in the field of computer crime investigation from the FBI and others.



3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 1030(a)(5)(A) and 2 (fraud and related activity in connection with computers) and 371 (conspiracy) have been committed by Oleg Koshkin and others. There is also probable cause to search the information described in Attachment A to the warrant for evidence, instrumentalities, and/or contraband of these crimes further described in Attachment B to the warrant.

4. This affidavit is submitted for the limited purpose of securing a search warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal laws identified above have occurred, and that evidence, fruits, and instrumentalities of these violations are located in the Device identified below.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is a Dell XPS with Service Tag 4T7VSC2 hereinafter the "Device." The Device is currently located at the FBI evidence locker located at 600 State Street, New Haven, CT.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. Since the Fall of 2018, the FBI has been investigating an organization that operated a crypting service for malware distributors. "Crypting" refers to making modifications to the malware such that when the malware was distributed to victims, anti-virus software on any

2

victim's computer would not detect it. One of the members of this crypting organization was Oleg Koshkin.

8. On or about September 5, 2019, the Honorable Kandis A. Westmore, U.S.M.J., in the Northern District of California, authorized the search of the YMCA room rented by Koshkin and the seizure and search of electronic devices found therein. That warrant and the supporting application and affidavit are attached hereto as Exhibit 1 and fully incorporated herein as if reproduced in their entirety.

9. In the course of the search, law enforcement officers seized the Device pursuant to this search warrant and subsequently imaged its contents. Upon review of the resulting forensic image, law enforcement officers determined that BitLocker Device Encryption ("BitLocker") had been used to encrypt the contents of the Device. Hence, the forensic image was encrypted and could not be reviewed by law enforcement.

10. Based on my training and experience, I know that Bitlocker encrypts Windows devices and automatically stores a 48-character recovery key in the user's Microsoft OneDrive account. Based on my training and experience, I believe that FBI forensic examiners may be able to circumvent BitLocker and thereby be able to create an unencrypted forensic image. In order to do so, however, those examiners need to re-examine the Device.

11. As detailed above, the Device is currently in the lawful possession of the FBI. While the FBI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that a re-examination of the Device will comply with the Fourth Amendment and other applicable laws.



12. The Device is currently in storage at the FBI's evidence locker, located at 600 State Street, New Haven, CT. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the FBI.

## TECHNICAL TERMS

13. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

   b. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address

so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

c. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

14. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a laptop and a digital camera. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

16. There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

5



a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f.  I know that when an individual uses an electronic device to obtain unauthorized access to a victim's electronic device over the Internet, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic



device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*[signature]*
Jenny Konechik
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on March 10, 2020:

/s/
THE HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The property to be searched is a Dell XPS with Service Tag 4T7VSC2 hereinafter the "Device." The Device is currently located at the FBI evidence locker located at 600 State Street, New Haven, CT.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records and information that relate to violations of conspiracy to intentionally cause damage to a protected computer, in violation of 18 U.S.C. § 371, and aiding and abetting the intentional causing of damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 2, and involve OLEG KOSHKIN since May 2014, including the following:

    a. Records and information relating to Crypt4U, encryption, or crypting services;

    b. Records and information relating to malicious software or botnets;

    c. Records and information relating to phone number +37255578222;

    d. Records and information relating to email address koshkin.oleg@gmail.com; and

    e. Records and information relating to the identity or location of the suspects.

2.  Evidence of user attribution showing who used or owned an electronic device or online account at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4.  This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be

conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2

