UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 3:19-cr 251 |
| V. | | |
| OLEG KOSHKIN | : | MAY 14, 2021 |

**DEFENDANT OLEG KOSHKIN'S
MOTION IN LIMINE RE:
EXPERT DISCLOSURE OF FBI SSA CONOR PHOENIX**

By way of a disclosure dated May 7, 2021, the Government has disclosed its intention to introduce expert testimony from FBI SA Conor Phoenix. According to the disclosure SA Phoenix will offer the following testimony (in addition to other testimony not the subject of this motion):

> Although Kelihos was primarily used to distribute spam, botnets can be used for other purposes as well. For example, a "click bot" causes compromised computers to click on website advertisements in order to generate illicit revenue. Also, Kelihos did not rely on browser injection. Browser injection is an attack technique in which malicious code is added to a victim's web browser; by definition, it is used only by criminals. Instead Keliohos appears to have used the eDonkey peer-to-peer file sharing program for packaging software, that was different from the crypting service provided by "crypt4u" and "fud." Finally, Kelihos operated an "affiliate marketing program," meaning that other cyber criminals were paid to install Kelihos. Because each "affiliate" had to have a unique version of the Kelihos malware, the ability to"crypt" malware quickly and automatically was extremely important.

The defense objects to the proffered testimony as to what Kelios did not do as it interjects into the case irrelevant and immaterial information. According, references to "click bots", "browser injections" should not be allowed, and referencing that "browser injection" being only used by criminals is also irrelevant and should be precluded. The introduction of this proposed testimony is absolutely irrelevant and has no probative value whatsoever, and would be extremely prejudicial to Mr. Koshkin as it will confuse the jury n the issues of the case. In fact, such testimony would prove none of the element of any of the charges against Mr. Koshkin. Irrelevant evidence is not admissible. *Fed.R.Evid.* 402.

The Government also seeks to have SA Conor to testify that "The co-conspirators also referred to a "bot" as a "client." How SA Conor is qualified as an expert to read the minds of the co-conspirators is not explained. Nor is it explained how this constituted "expert testimony." Finally, there is no relevance to how purported "co-conspirators" used language. What is relevant is what Mr. Koshkin knew and/or said and the meaning of his words. But even that would not necessarily be an issue for expert testimony.

It appears from the attached disclosure that the Government is seeking for SA Conor to interpret and explain the meanings behind out of court communications between persons that may or may not be testifying witnesses in this case. He is also apparently intended to testify as an "expert" in that regard. That is not proper expert testimony and should be excluded.

Finally SA Conor is also disclosed to testify as to cyber criminals sharing information and to sell criminal goods and services on online forms.  This is also not an issue in the case and as such irrelevant and prejudicial to Mr. Koshkin.  This is an attempt to introduce alleged "bad acts" of Mr. Koshkin[1] into evidence for which the proper disclosure had been made.

Wherefore, for the foregoing reasons the proposed expert testimony of FBI SA Conor as to what the Kelihos botnet did not do, his interpretations of the intent and meaning behind various communications by alleged co-conspirators, and cyber criminal sharing of information etc,  should not be permitted.

THE DEFENDANT,<br>
Oleg Koshkin

BY: /s/ CHERYL HEFFERNAN<br>
Cheryl Heffernan<br>
Federal Bar No.ct06743<br>
Farver and Heffernan, LLC<br>
2858 Old Dixwell Avenue<br>
Hamden, CT<br>
(203) 230-2500<br>
ceh@farverandheffernan.com

---

[1] The referenced Jabber *admin@crypt4u.com*, in the disclosure is alleged by the Government to belong to Mr. Koshkin.  Such is denied by the defense.

## CERTIFICATION

I hereby certify that on May 14, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/   Cheryl Heffernan
    CHERYL HEFFERNAN