UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA           :

                                                          :          NO. 3:19-cr 251

V.

OLEG KOSHKIN                                  :          MAY 14, 2021

## DEFENDANT OLEG KOSHKIN'S
## MOTION TO PRECLUDE INTRODUCTION OF
## LATE DISCLOSED DISCOVERY MATERIALS

The Defendant seeks to preclude the introduction of any and all evidence and testimony related thereto any materials produced by the Government after April 23, 2021. The introduction of this late disclosure severely prejudices my client and impacts his speedy trial rights.

The Defendant has been detained pre-trial since August 2019. Through no fault of any party this trial has been postponed to July 2020 then October 2020 and then April 2021 due to the COVID pandemic. Now the trial has been set for June 2, 2021. What is troubling is that the Government has sent over significant new discovery evidence on April 23, 2021, despite being in the Government's possession for several months earlier with no explanation given for the delay in turning over the discovery for counsel to properly prepare for a jury trial. The defendant is clearly prejudiced by this late disclosure as he must choose between request a further delay in his already postponed trial or risk that counsel cannot possibly to be totally prepared for trial due completely to this late disclosure.

A defendant's right to a speedy trial has constitutional and statutory underpinnings in addition to The Speedy Trial Act. Federal statutes of limitation clearly provide a stated time frame within which charges must be filed. Federal Rule of Criminal Procedure # 48 grants trial courts discretion to dismiss cases that are not brought to trial promptly. Federal Rule # 48( b) authorizes the trial court to dismiss the indictment if there is " unnecessary delay in bringing the defendant to trial. While the defendant understands that the Covid pandemic has delayed the trial what is troubling in this case is that the Government's failure to turn over the additional evidence until April 23, 2021 puts Mr. Koshkin in a dilemma wherein he is prejudiced by the late disclosure as he now must choose between postponing his already unreasonably delayed trial or risk that his counsel is not fully prepared due to the late disclosure despite the fact that the Government had the materials for a long period of time prior to turning this late discovery over to the defense team on April 23, 2021.

In a recent 9th circuit case U.S. v. Torres, No. 21-500006 the court stated "Speedy Trial Act ends of justice provision 18 U.S. C Section 3161 (h) (7) (A) can continue to be held without trial due to the Covid-19 pandemic, and that due process does not yet require Torres's release, but observed that the length of Torres's pretrial detention is likely approaching the outer bounds of due process. Mr. Koshkin has been held and detained since August of 2019. The defense contends that the late disclosure impacts his speedy trial rights and therefore the request is that any evidence delivered after April 23, 2021 be excluded.

In the present case, the Government should be precluded from admitting any evidence and witness testimony disclosed on April 23, 2021 and going forward from that date.

THE DEFENDANT,
Oleg Koshkin

BY: /s/ CHERYL HEFFERNAN
Cheryl Heffernan
Federal Bar No.ct06573
Farver and Heffernan, LLC
2858 Old Dixwell Avenue
Hamden, CT
(203) 230-2500
ceh@farverandheffernan.com

## CERTIFICATION

I hereby certify that on May 14, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/   Cheryl Heffernan
CHERYL HEFFERNAN